**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5307-15T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID BAKER,

     Defendant-Appellant.

_____

          Submitted October 4, 2018 – Decided November 21, 2018

          Before Judges O'Connor and Whipple.

          On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 13-02-0100.

          Joseph E. Krakora, Public Defender, attorney for appellant (Rochelle Watson, Assistant Deputy Public Defender, of counsel and on the brief).

          Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant David Baker appeals from an April 28, 2016 judgment of conviction following a bench trial for second-degree death by auto, N.J.S.A. 2C:11-5a, and driving while intoxicated, N.J.S.A. 39:4-50. We affirm.

At around 10 p.m. on August 25, 2012, two eyewitnesses saw a truck driven by defendant make a left turn at an intersection and strike a pedestrian. An officer responded to the scene, identified defendant as the driver of the truck, smelled alcohol on his breath, and believed him to be intoxicated after conducting field sobriety tests. At police headquarters, an Alcotest was administered and the test revealed defendant had a .28 blood alcohol content. The next day, defendant confessed to hitting the victim with his truck. The victim succumbed to her injuries and died on August 27, 2012.

Defendant was indicted for second-degree death by auto and received summonses for driving while intoxicated and driving with an open alcoholic beverage.[1] In a pre-trial hearing on September 29, 2015, defense counsel told the court defendant wanted to testify in order to advance a misidentification defense, despite counsel's advice to present a different defense. Acknowledging his client's right to choose whether to testify, defense counsel advised his client to seek a bench trial because defendant wanted to present legally inconsistent

---

[1] This open container charge was dismissed at sentencing.

defenses. Defense counsel made it clear to the trial court this was not his preferred strategy but still planned to zealously advocate on his client's behalf. In responding to the trial judge raising the fact that defense counsel did not want defendant to testify, defense counsel stated:

> [I]t's been our advice to Mr. Baker to proceed strictly on the—on the issue of recklessness and not on the issue of identification. . . . Mr. Baker . . . strongly feels that he wants the issue of identification, and he feels, strongly feels that he wants the opportunity to explain in testimony why it was not him that stuck this woman . . . . And he has the right to that, and even though it was not my advice to him to proceed in that manner, I am his attorney and so I will advocate zealously on his behalf regardless of whatever ultimate choice he makes. And that includes if he's going to take the witness stand. But either way, for him to—for him to have that defense, which is specifically it was not me, an identification defense, the only witness that we have is Mr. Baker.

On October 1, 2015, at defendant's hearing to waive his jury trial, the trial judge questioned defendant and found him to be "cogent, rational, unpressured, relaxed, knowing and voluntary in-his-actions." Defendant stated he sought a bench trial in part due to his intention to raise alternative arguments, both that he was not the driver that struck the victim, and he was not reckless in hitting the victim with his vehicle. A bench trial proceeded to conclusion wherein the

3

judge heard testimony from the two eyewitnesses, the arresting officers and the medical examiner.

Defendant testified over two days. Defendant testified he only took responsibility previously in order to coax the police into revealing "their lies." He testified he stopped in front of a woman lying on the road, walked over to her and saw that she was injured, and then ran back to his car to call 9-1-1, while one of the witnesses in the car behind him came running, using racially charged language. Defendant additionally testified he saw the eyewitnesses who testified against him exit a Jeep, already in the intersection when he arrived, which then drove off before the police arrived. Defendant denied performing a field sobriety test, claimed he only breathed into the Alcotest machine once, in contrast to the two breath samples the machine recorded, and that his signature on the Alcotest form was forged.

On November 2, 2015, when announcing his verdict, the trial judge stated:

> Indeed, [defendant asserting that it was an accident] was an otherwise viable defense that is incurably undermined by his alternate, untenable version of events that bleeds into and infects the credibility of his subsequent self-serving statements as to lack of intoxication and/or recklessness.

The trial judge referred to defendant's revised version of events as "fantastical, conspiratorial, and finally, regrettable." Additionally, he characterized

4

defendant's argument as maintaining "a fantastical conspiratorial take on this whole incident."  However, the trial judge specified:

> Mr. Baker's initial formal statement is found to be credible for several reasons: It was given with minimal time available to contrive an elaborate defense of the kind Mr. Baker set forth years afterward with the benefit of discovery . . . .

Finding defendant's testimony not credible, the trial judge found defendant guilty of second-degree vehicular homicide pursuant to N.J.S.A. 2C:11-5, after inferring the recklessness required from defendant's intoxication.

On April 28, 2016, after finding aggravating factors three, six, and nine applicable, see N.J.S.A. 2C:44-1, the trial judge sentenced defendant to a term of ten years subject to an eighty-five percent parole ineligibility period, along with $1,505 in restitution, and one year suspended driver's license, in addition to accompanying fees.  This appeal followed.

Defendant raises the following issues on appeal:

> Point I:
>
> DEFENDANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE COUNSEL WHEN HIS ATTORNEY (1) ABDICATED HIS DUTY TO MAKE CRITICAL STRATEGIC DECISIONS; AND (2) PREEMPTIVELY AND REPEATEDLY DECLARED TO THE TRIAL JUDGE, WHILE REQUESTING A BENCH TRIAL, THAT DEFENDANT'S MISIDENTIFICATION DEFENSE WAS SPECIOUS AND AGAINST COUNSEL'S ADVICE.

Point II:

BECAUSE THE SENTENCING PROCEDURE WAS RIFE WITH ERROR, DEFENDANT IS ENTITLED TO A RESENTENCING.

A. The Trial Judge's Personal Belief That Defendant's Trial Defense and Testimony Were "Conspiratorial" and "Fantastical" Pervaded the Sentencing Decision.

B. The Judge Placed Undue Weight On Defendant's Prior Criminal Record Failing To Give Adequate Consideration To The Severity Of The Offense.

C. The Court's Indignation At Defendant's Trial Defense And Its Disparaging Remarks About Defendant's Constitution Seriously Undermined Any Confidence That The Sentence Was Imposed Impartially.

"Assessing I[nneffective] A[ssistance of] C[ounsel] claims involves matters of fact, but the ultimate determination is one of law and . . . 'a trial court's interpretations of law and the legal consequences that flow from established facts are not entitled to any special deference.'" State v. Harris, 181 N.J. 391, 419 (2004) (quoting Manalapan Realty, LP v. Twp. Committee, 140 N.J. 366, 378 (1995)).

"Our courts have expressed a general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record." State v. Preciose, 129 N.J. 451, 460 (1992). But we acknowledge a "defendant should

not be required to wait until post-conviction relief to raise the issue [if] the trial record discloses the facts essential to his ineffective assistance claim." State v. Allah, 170 N.J. 269, 285 (2002).

Defendant alleges trial counsel abdicated his role as counsel by failing to investigate potential defenses, manage the trial and decide which defenses to raise. Having reviewed the record, we conclude it does not disclose facts essential to defendant's ineffective assistance claim. Defendant assails strategic decisions and discussions between himself and defense counsel that occurred outside of the courtroom, the contents of which are not in the record. Due to the insufficiency of the record, and the preference for hearing ineffective assistance claims on PCR rather than through direct appeal, we decline to hear defendant's ineffective assistance claim.

We next consider defendant's challenge to his sentencing. Based on our review of the record, we affirm the sentence imposed by the trial judge.

We review the imposition of sentence under an abuse of discretion standard. In re Hendrickson, No. A-12-17, slip op. at 18 (N.J. Sept. 18, 2018). "[W]e will always require that an exercise of discretion be based upon findings of fact that are grounded in competent, reasonably credible evidence." State v. Roth, 95 N.J. 334, 363 (1984).

Defendant asserts bias because the trial judge called his testimony "conspiratorial" and "fantastical." The trial judge used these words twice, once when evaluating defendant's testimony during the bench trial and the other in assessing aggravating factor three, the risk of reoffending. The first comment was when the trial judge was acting as a fact finder and determined defendant's testimony was not credible. The second comment was when the trial judge was considering whether defendant posed a risk of recidivism, stating defendant's "failure to come to terms with his conduct, not his lack of remorse, but failure to come to terms with his conduct that makes this Court highly concerned that he's likely to repeat it." We discern no abuse of the court's discretion in the court's findings or rationale.

Defendant next argues the trial judge overweighed his criminal record in assessing aggravating factors three, six, and nine. The trial judge noted defendant's substance abuse history, emphasized this was defendant's second driving-while-intoxicated offense, and listed a litany of defendant's traffic offenses. Moreover, the trial judge viewed the fact defendant's violent past was behind him to be a mitigating factor. Considering the nature of defendant's current conviction, we discern no abuse of the court's discretion for weighing

8

defendant's criminal history, particularly his driving offenses and we reject defendant's charge the trial judge was biased.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5307-15T3